**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL OROS, COLLIN OROS, and | ) | |
| NATALIA RODRIGUEZ, | ) | |
| Plaintiffs, | ) | No. 25-CV-50169 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF ROCKFORD, | ) | |
| Rockford Police Officers | ) | |
| CORY MAGNUSON, Scope Officer SIMS, | ) | |
| Scope Officer TERRANOVA, | ) | |
| SGT. STUNDZIA, and Scope Officer SAVER, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Michael Oros, Collin Oros, and Natalia Rodrigues, by and through their attorneys, Meyer & Kiss, LLC, complains of Defendants City of Rockford, Rockford Police Officers Magnuson, Sims, Terranova, Stundzia and Saver (collectively, "Defendant Officers"), and states as follows:

### Introduction

1. In the early morning hours of January 30, 2024, Defendants Officers unlawfully seized the Plaintiffs, illegally entered their home and conducted an illegal search. During the illegal seizure, Defendant MAGNUNSON tightly handcuffed Plaintiff Michael Oros. Plaintiff Michael Oros complained about the tight handcuffs to Defendant MAGNUNSON and Defendant SIMS. Neither Defendant Officer responded to his complaints.

2. Plaintiffs Collin Oros and Natalia Rodriguez were also handcuffed by Defendant MAGNUNSON.

1

3.      The Plaintiffs were seized and handcuffed during the execution of a search warrant at their home. The search warrant was secured with an affidavit based on lies. Defendants MAGNUSON, SIMS, TERRANOVA, and SAVER, under the supervision of Defendant STUNDZIA, violated the Plaintiff's Fourth Amendment rights.

### Jurisdiction and Venue

4.      This is an action for money damages brought pursuant to 42 U.S.C. §1983, and the common law and statutes of the State of Illinois.

5.      Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

7.      Plaintiffs are residents of Loves Park, Illinois.

8.      Defendant Officers MAGNUSON, SIMS, TERRANOVA, STUNDZIA AND SAVER are duly appointed and sworn Rockford police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

9.      The Defendant Officers are sued in their individual capacities.

10.     Defendant CITY OF ROCKFORD is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**Facts**

11.     On January 29, 2024, around 6:05 p.m., Rockford police officers responded to a report of shots fired.

12.     Defendants SIMS and TERRANOVA spoke with some alleged targets of that shooting. The targets indicated that the suspect shooters were young black males.

13.     Defendants MAGNUSON and SARVER responded to the scene of the shots fired and reviewed some security camera video that recorded part of the shooting.

14.     According to their viewing of the video, it appeared that a dark colored Dodge Charger was involved in the shooting.

15.     Defendants MAGNUSON and SARVER were able to make out the registration fixed to the rear of the Charger.

16.     Upon information and belief, the registration led the officers to a complex in the 6000 block of Park Ridge Drive in Loves Park.

17.     The complex is a multi-unit building with numerous town homes, each with its own address.

18.     The parking lot of the complex consists of individual garages with the corresponding town home addresses affixed to them.

19.     Defendants SIMS and TERRANOVA went to the complex and allegedly saw the Dodge Charger parked in one of the garages.

20.     Defendant SIMS and TERRANOVA never obtained the corresponding address that was affixed to that garage door which showed to what townhome it belonged to.

21.     Instead, Defendants SIMS and TERRANOVA used the Google Maps application

3

and assumed that the garage belonged to the address of 6012 Park Ridge Road, Loves Park. This was the incorrect address, which would have been apparent to the officers if they had simply looked at the address posted on the garage door.

22. By failing to confirm the proper address of the garage wherein the car was located was unreasonable.

23. Defendants MANGUSON, SARVER, TERRANOVA and SIMS set up surveillance to apprehend the driver of the Dodge Charger.

24. While conducting surveillance, the officers observed two men who fit the description of the shooters exit the complex.

25. The suspects entered a Lyft vehicle that was waiting to pick them up.

26. Once the Lyft vehicle left the complex, Defendants SIMS and TERRANOVA conducted a traffic stop of the Lyft vehicle.

27. The suspects were detained, and firearms were located on their persons.

28. After detaining the two suspects, Defendant MANGUSON spoke to the Lyft driver who indicated he was dispatched to 6004 Park Ridge Road in Loves Park to pick up a ride.

29. Upon information and belief, the Defendant Officers wanted to conduct a search of the Dodge Charger and the unit it was registered at.

30. Defendants SIMS discovered that Plaintiff Michael Oros lived at 6012 Park Ridge Road with his son, Plaintiff Collin Oros.

31. Defendant SIMS then falsely claimed he received information that Plaintiff Collin Oros drives a modified Dodge Charger.

32. Plaintiff Collin Oros has never owned a Dodge Charger, nor has he ever been

4

associated with a Dodge Charger.

33. Plaintiffs Michael Oros and Collin Oros are white, which was known to the Defendant Officers at the time they applied for the search warrant.

34. Based on the false statements that a Dodge Charger was seen in the garage assigned to 6012 Park Ridge Road, and that a tenant at that address, Collin Oros, "owns a black Dodge Charger," Defendant MAGNUSON applied for and obtained a search warrant for the black Dodge Charger and the residence at 6012 Park Ridge Road.

35. Around 2:44 a.m., on January 30, 2025, Defendants MAGNUSON, SIMS, TERRANOVA, STUNDZIA AND SAVER, along with other law enforcement officers, arrived at Plaintiffs' home to execute the falsely obtained search warrant.

36. After knocking on the door, Plaintiff Michael Oros answered the door and was immediately handcuffed by Defendant MAGNUSON.

37. Defendant MAGNUSON intentionally handcuffed Plaintiff Michael Oros so tightly that it caused him extreme pain and emotional distress.

38. Plaintiff Michael Oros told the Defendant Officers that they were at the wrong address.

39. A Defendant Officer told Plaintiff he was wrong and that the officers were at the right address.

40. While Plaintiff was being handcuffed, numerous other law enforcement officers illegally entered Plaintiffs' home.

41. Shortly after Plaintiff Michale Oros was handcuffed, Plaintiff Collin Oros was handcuffed and taken out of the home.

5

42. Finally, Plaintiff Natalia Rodriguez was removed and handcuffed.

43. All three Plaintiffs were seized and placed in the front yard while Defendant Officers searched their home.

44. There was not probable cause or any other legal justification to arrest or seize the Plaintiffs.

45. Plaintiff Michael Oros told the Defendant Officers that he was disabled and had heart problems.

46. Plaintiff Michael Oros also asked Defendant SIMS to loosen the excessively tight handcuffs.

47. Defendant SIMS did not respond.

48. Plaintiff Michael Oros then asked the officers, including Defendant SIMS, "Why are you hurting my wrists?" The officers denied they were hurting him but did not check the handcuffs.

49. Michael then accused Defendant SIMS of digging the cuffs into his wrists.

50. Plaintiff Collin Oros told the officers that he was freezing. At this point, the Plaintiffs were outside without shirts, shoes, or socks for approximately six minutes.

51. Defendant SIMS also pulled down on Michael's handcuffs as they took them back into the front room of Plaintiffs' residence causing injury to Michael's shoulder.

52. Plaintiff Michael Oros asked the officers who authorized the search, to which Defendant STUNDZIA responded, "I did."

53. The Defendants Officers continued to search Plaintiffs' home even after it was plainly obvious that the Defendant Officers were in the wrong location and that none of the

detained Plaintiffs matched the description of the suspects involved in the shooting.

54.     No contraband or evidence of criminal activity was found in the search.

55.     At one point during the search, Defendants SIMS looked into the garage assigned to 6014 Park Ridge Road and observed the black Charger parked inside.

56.     After about fifteen minutes of searching, the Defendant Officers left.

57.     None of the officers apologized to the Plaintiffs.

58.     Plaintiff Michael Oros filed a complaint with the Rockford Police Department about the incident. He has not been contacted regarding his complaint.

59.     Each individual Defendant Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

60.     As a direct and proximate result of the acts of the Defendant Officers described above, Plaintiffs suffered damages including loss of physical liberty, physical pain and suffering, medical expenses, and emotional distress.

61.     Each individual Defendant Officer personally participated in the unlawful conduct and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

62.     Each individual Defendant-Officer knew of and condoned the unlawful conduct and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

## COUNT I
### (42 U.S.C. §1983 - Unreasonable Seizure)

63.     Plaintiffs realleges paragraphs 1 through 62 as if fully set forth herein.

7

64.     After Plaintiffs Michael Oros, Collin Oros and Natalia Rodriguez were removed from their home and placed in handcuffs, they were not free to leave.

65.     Defendant Officers seized Plaintiffs.

66.     Defendant Officers did not have a reasonable suspicion, based on specific and articulable facts, that the Plaintiffs had committed a crime or were about to commit a crime.

67.     Defendant Officers did not have any other legal justification to seize Plaintiffs.

68.     The seizure of Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)     Enter judgment against Defendant Officers,

b)     Award Plaintiffs compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. §1983 - Excessive Force)

69.     Plaintiff Michael Oros realleges paragraphs 1 through 62 as if fully set forth herein.

70.     Defendant Officers MAGNUSON and SIMS intentionally handcuffed Plaintiff Michael Oros so that the handcuffs were excessively tight, which caused him extreme pain and suffering.

8

71. Defendant Officers MAGNUSON and SIMS violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff Michael Oros asks that this Honorable Court:

a) Enter judgment against Defendant-Officers MAGNUSON and SIMS,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 Unreasonable Entry into Plaintiffs' Home)

72. Plaintiffs realleges paragraphs 1 through 62 as if fully set forth herein.

73. Entering Plaintiffs' home without probable cause or any other legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

Case: 3:25-cv-50169 Document #: 1 Filed: 04/14/25 Page 10 of 13 PageID #:10

## COUNT IV
### (42 U.S.C. § 1983 Unreasonable Search of Plaintiffs' Home)

74. Plaintiffs realleges paragraphs 1 through 62 as if fully set forth herein.

75. Defendant Officers searched Plaintiffs' home.

76. Defendant Officers did not have a valid search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

77. Searching Plaintiffs' home without any legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. §1983 - Failure to Intervene)

78. Plaintiff realleges paragraphs 1 through 62 as if fully set forth herein.

79. While Plaintiff Michael Oros was subjected to excessive force and all three Plaintiffs were subjected to illegal seizures and searches as described above, Defendant Officers had an opportunity to intervene, but chose not to intervene.

80. Defendant Officers were deliberately indifferent to Plaintiffs' rights to be free from unreasonable seizures and excessive force.

10

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)     Enter judgment against Defendant Officers,

b)     Award Plaintiffs compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Willful and Wanton Conduct)

81.     Plaintiffs reallege paragraphs 1 through 62 as if fully set forth herein.

82.     Defendant Officers had a duty to Plaintiffs ensure that their home was not illegal entered or searched and to ensure that they had the correct address for the search warrant prior to executing. Additionally, the Defendant Officers had a duty to not lie in the application for the search warrant by providing false and misleading facts.

83.     An officer may not procure a search warrant by making a knowing or reckless misrepresentation of material fact.

84.     The Defendant Officers breached that duty.

85.     The Defendant Officers' breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care.

86.     The Defendant Officers acted with actual intent to gain entry and search the Plaintiffs' home, or with a conscious disregard for the consequences while he knew the safety of others was involved.

87.     The Defendant Officers' conduct and conscious disregard of Plaintiffs' safety

11

deliberately caused a highly unreasonable risk of harm to others.

88.    The Defendant Officers knew of the possible harm and danger to Plaintiffs and failed to exercise ordinary care to prevent the danger.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)    Enter judgment against Defendant Officers,

b)    Award Plaintiffs compensatory and punitive damages,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for Battery)

89.    Plaintiffs reallege paragraphs 1 through 62 as if fully set forth herein.

90.    Handcuffing Plaintiff Michael Oros so that the handcuffs were extremely tight on and failing to loosen them when asked constituted the tort of battery.

WHEREFORE, Plaintiffs asks that this Honorable Court:

a)    Enter judgment against Defendant Officers,

b)    Award Plaintiff Michael Oros compensatory and punitive damages,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

91.    The acts of the Defendant Officers described in the above state-law claims were

12

willful and wanton and committed in the scope of employment.

92.     Pursuant to *respondeat superior*, Defendant CITY OF ROCKFORD is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF ROCKFORD, and such other and additional relief that this Honorable Court deems just and equitable.

**COUNT IX**
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

93.     The acts of the Defendant Officers described in the above claims were willful and wanton, and committed in the scope of employment.

94.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF ROCKFORD is liable for any judgments for compensatory damages in this case arising from the Defendant Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF ROCKFORD to indemnify the Defendant Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
MEYER & KISS, LLC
4255 N. Honore Street, Suite 309
Chicago, IL 60613
o. 312.765.0100
f. 312.585.7803
e. louismeyer@meyerkiss.com